# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JORGE GUILLERMO GONZALEZ-<br>CARDENAS (3),<br><br>　　　　　　　　　Defendant. | Case No.: 11-cr-01926-H-3<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>[Doc. No. 1190.] |

　　　On February 5, 2024, Defendant Jorge Guillermo Gonzalez-Cardenas, proceeding pro se, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821. (Doc. No. 1190.) On February 8, 2024, the Court referred Defendant's pro se motion to Federal Defenders pursuant to General Order No. 755 for review and the filing of a status report. (Doc. No. 1191.) On February 14, 2024, Federal Defenders filed a status report. (Doc. No. 1193.) In the status report, Federal Defenders states: "After review of the relevant records in the defendant's case, [Federal Defenders] concludes the Court can decide the motion on the existing record without further assistance of counsel." (Id.) On February 15, 2024, the Government filed a response in opposition to Defendant's motion to reduce sentence. (Doc. No. 1195.) For the reasons set forth below, the Court denies Defendant's motion to reduce sentence.

**Background**

On May 13, 2011, the Government filed an indictment charging Defendant with, among other things, conspiracy to launder money in violation of 18 U.S.C. §§ 1956(h) and 1957 (Count 2); and conspiracy to import cocaine into the United States in violation of 21 U.S.C. §§ 952, 960, and 963 (Count 51). (Doc. No. 13.) On June 14, 2021, Defendant, pursuant to a plea agreement, pled guilty before this Court to Counts 2 and 51 of the indictment. (Doc. Nos. 1175, 1176.)

On May 23, 2022, the Court held a sentencing hearing. (Doc. No. 1188.) At sentencing, the Court calculated Defendant's total offense level as 40 and his criminal history category as I, resulting in a guidelines range of 292-365 months. In calculating Defendant's total offense level of 40, the Court applied a 3-level upward adjustment under U.S.S.G. § 3B1.1 for aggravating role. The Court then applied two downward departures pursuant to U.S.S.G. § 5K2.0 that resulted in a total downward departure of 4 levels. The Court then sentenced Defendant to a custodial term of 188 months followed by three years of supervised release. (Doc. Nos. 1188, 1189.) The Court entered judgment on May 24, 2022. (Doc. No. 1189.) By the present motion, Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1, which contains an adjustment for certain zero-point offenders. (Doc. No. 1190 at 1-2.)

**Discussion**

**I.    Legal Standards**

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts must engage in a "two-step inquiry" to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). United States v. Brito, 868 F.3d 875, 879 (9th Cir. 2017) (citing Dillon, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." Id. (citing Dillon, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" Id. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" Id. (quoting United States v. Dunn, 728 F.3d 1151, 1157 (9th Cir. 2013)).

## II.   Analysis

In his motion, Defendant argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. (Doc. No. 1190 at 1-2.) In response, the Government argues that Defendant's motion should be denied because he does not qualify for an adjustment under § 4C1.1 because at sentencing he received an adjustment under § 3B1.1 for aggravating role. (Doc. No. 1195 at 1-2.)

The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). See Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.

United States v. Valenzuela, No. 114CR00188JLTSKO1, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).

The Court begins its analysis of Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) with the eligibility prong. "Under the eligibility prong, the district court must 'determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced . . . and shall leave all other guideline application decisions unaffected.'" United States v. Brito, 868 F.3d 875, 880 (9th Cir. 2017) (quoting U.S.S.G. § 1B1.10(b)(1)).

U.S.S.G. § 4C1.1 provides a 2-level downward adjustment for certain zero-point offenders provided that the Defendant meets certain specific criteria. See U.S.S.G. § 4C1.1(a). One of the criteria is: "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." Id. (a)(10). At sentencing, in calculating Defendant's total offense level, Defendant received an adjustment under § 3B1.1 for aggravating role. Because Defendant received an adjustment under § 3B1.1, Defendant is ineligible for an adjustment under U.S.S.G. § 4C1.1, and, thus, is also ineligible for a sentence reduction based on § 4C1.1. See, e.g., United States v. Hernandez, No. CR 13-00511-01 JMS, 2023 WL 8701094, at *2 (D. Haw. Dec. 15, 2023) (denying motion for sentence reduction based on § 4C1.1 where defendant received an adjustment under § 3B1.1 for aggravating role). As a result, the Court denies Defendant's motion to reduce sentence.

/ / /

/ / /

/ / /

## Conclusion

For the reasons above, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). The Court orders the Clerk of Court to mail a copy of this order to Defendant at his listed address of record.

**IT IS SO ORDERED.**

DATED: February 16, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT